# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS J. CARRICATO, JR.,

     Plaintiff,

  v.

AGENT DELGADO, et al.,

     Defendants.

CIVIL ACTION NO. 1:17-CV-00436

(CONNER, C.J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

  Before the Court is a civil rights complaint filed by *pro se* Plaintiff Thomas Carricato, Jr. (Doc. 1). Carricato filed the instant complaint on March 9, 2017, alleging that an "Agent [] Delgado[] and three unknown police officers" infringed upon his constitutional rights. (Doc. 1). Carricato also filed a motion for leave to proceed *in forma pauperis* the same day (Doc. 2), which is granted per the Order filed concurrently with this Report and Recommendation. For the reasons contained in this Report and Recommendation, the Court finds that Carricato's complaint falls well short of federal pleading standards and must be amended prior to service upon any defendant.

## I. CARRICATO'S COMPLAINT FALLS WELL SHORT OF THE PLEADING STANDARDS ENUMERATED IN FEDERAL RULE OF CIVIL PROCEDURE 8(A)

  Under 28 U.S.C. § 1915, the Court may, prior to service of process, screen a civil complaint filed by a non-prisoner seeking to proceed *in forma pauperis.* The Court must dismiss the complaint if it is frivolous or malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In performing this discretionary screening function, a district court applies the same standard applied to motions to dismiss under Rule

12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> [s]tandards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court of the United States held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

With those standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

No matter how liberally construed, Carricato's complaint is plainly insufficient to meet the standards of Rules 8 and 12(b)(6). The entirety of Grigsby's two-sentence complaint reads:

> "Agent _____ Delgado, and three unknown police officers, committed a violation of 42 U.S.C. § 1983, in the nature of a violations of the Fourth and Fifth Amendments of the United States Constitution when they searched my home

3

without probable cause on ____, and caused my arrest on March 9, 2015, forcing my surrender to police on March 13, 2015; and, as a direct result, I was falsely imprisoned without due process in violation of the Fourteenth Amendment. By these actions the defendants committed violations of Pennsylvania common-law claims of false arrest, false imprisonment, and malicious prosecution."

(Doc. 1, at 6).

Nowhere does Carricato offer any factual support, identify any actions by any Defendant, or even lay out the legal elements of his cause of action. Instead, Carricato relies solely upon conclusory allegations, which this Court is not obligated to accept as true, and are insufficient under modern pleading standards. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Thus, his complaint plainly fails to state a claim upon which relief can be granted.

In addition, Carricato's complaint runs afoul of the pleading standards set out in Rule 8(a) of the Federal Rules of Civil Procedure. Under Rule 8:

"[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Fed. R. Civ. P. 8(a).

As discussed above, Carricato's complaint failed to articulate a claim showing that the pleader is entitled to relief. However, his complaint also fails to satisfy the third requirement of Rule 8; a demand for the relief sought. Carricato, ostensibly by choice, declined to fill out any of the information on the pre-printed form provided by the Clerk's office, save for his own name, address, and the above two-sentence claim for relief. Carricato did not provide the names or addresses—let alone the employing department—of any defendant, except for "Agent Delgado" in the case caption. He also omitted any statement for relief, as provided in Section IV of the

complaint. Thus, in addition to providing insufficient information to form a claim, he also failed to provide enough information to identify and serve any defendants or determine the nature of the relief sought.

Accordingly, the Court deems Carricato's complaint insufficient in its current form and should be **DISMISSED**. The Court recommends Carricato be granted leave to file an amended complaint containing sufficient support to put the Defendants on notice of the factual assertions levied against each, the causes of action entitling Carricato to relief, and the relief sought. *See Twombly*, 550 U.S. at 555.

Additionally, Carricato is reminded that the Court must have the complete name and address for each and every defendant named in the complaint in order to effectuate service. Any defendant not properly identified will not be served. Therefore, if the complaint lists unknown defendants or defendants without proper mailing addresses, Carricato shall provide to the Clerk's Office, the completed required Notice of Waiver of Summons, Waiver of Summons, and USM 285 forms, for each defendant that cannot be properly served (unless the properly completed forms were sent to the Clerk with the complaint). If Carricato does not have sufficient copies of the form to prepare one for each defendant, he may obtain additional forms from the Clerk of Court. On this form, Carricato must give the full name and complete address of each individual defendant. If he fails to give the Clerk's Office correct instructions for mailing to any defendant, his claims against that defendant may be dismissed pursuant to Federal Rule of Civil Procedure 4(m). He is further advised that no defendant is required to respond to the complaint until he or she has accepted a copy of the complaint and waived service, or has been served. Therefore, a motion for default cannot properly be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond, within sixty

(60) days after the notice has been mailed (if service is waived pursuant to the notice) or twenty-one (21) days after being served the summons and complaint by the United States Marshal Service, which will be done for defendants who do not waive service.

## II.   LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). While barren, Carricato's complaint appears to raise claims that, if proven, would afford relief. Therefore, amendment on these claims is not facially futile, and leave to amend should be **GRANTED**.

## III.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Carricato's complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** with leave to amend **GRANTED**.

Dated: May 15, 2017                         *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS J. CARRICATO, JR.,

                Plaintiff,

      v.

AGENT DELGADO, et al.,

                Defendants.

CIVIL ACTION NO. 1:17-CV-00436

(CONNER, C.J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 15, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: May 15, 2017**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**